Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Renee Ilene Hogan,<br><br>   Plaintiff,<br>v.<br><br>Sacramento Valley Teen Challenge, Inc.,<br><br>   Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiff Renee Ilene Hogan ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Defendant Sacramento Valley Teen Challenge, Inc. ("SVTC") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and denying Plaintiff full and equal access to the treatment facility located at or about 5858 Happy Valley Road in Anderson, California ("Facility"), which is a business establishment and public accommodation; it affects commerce and is open to the public.

## PARTIES

1. Plaintiff is a natural person. Plaintiff is and has been considered disabled.

2. SVTC is a California corporation with its principal place of business in Roseville, California. At all times relevant to this complaint, SVTC owned, managed, operated, and/or otherwise was responsible for the Facility located at or about 5858 Happy Valley Road in Anderson, California.

**JURISDICTION AND VENUE**

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Facility is in this district and Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS**

6. Plaintiff is disabled.

7. Plaintiff suffers from a disability and/or medical condition(s) that is/are a disability.

8. Plaintiff suffers from, among other things, epilepsy, post-traumatic stress disorder, hypoglycemia, degenerative spinal disease, mobility issues, and the enduring effects of a traumatic brain injury. Plaintiff has been disabled since about 2010. Plaintiff's disability limits Plaintiff's major life activities, some substantially.

9. Plaintiff utilizes a service animal, a dog, to help with the challenges resulting from Plaintiff's disability.

10. Plaintiff's service dog was specifically trained by Silver Paw Ranch.

11. Plaintiff's service dog is licensed through Calaveras County.

12. Plaintiff's service dog is specifically trained to help Plaintiff get up and stay steady. The service dog is trained to help brace Plaintiff when she needs to get up or if she is feeling dizzy. The service dog is specifically trained to walk back with its leash to pull Plaintiff up off various surfaces, such as the ground or a couch. Plaintiff's service dog is also trained to alert Plaintiff to the onset of seizures and in hypoglycemic detection and alerting. These tasks are all incredibly helpful and important to Plaintiff

13. Defendant owns and operates the Facility located at or about 5858 Happy Valley Road in Anderson, California.

14. The Facility is a business establishment, affects commerce, and is open to the public. It is a social service center establishment, service establishment, and/or other public accommodation.

15. In November of 2022, Defendant invited Plaintiff to the Facility for a multi-week treatment program during which time Plaintiff would be staying at Defendant's facility full-time.

16. Before checking into the Facility, Plaintiff alerted Defendant to the fact that she had a service dog and needed her service dog with her during her stay.

17. Generally speaking, service dogs can provide important support and assistance to individuals with disabilities, including those living in treatment facilities. Service dogs are trained to perform specific tasks that help their owners manage their disabilities and increase their independence.

18. For example, a service dog for a person with epilepsy may be trained to alert their owner or a caregiver before a seizure occurs. A service dog for a person with mobility issues may be trained to assist with tasks such as providing balance support.

19. Having a service dog at a treatment facility can provide a sense of comfort and security to the owner, as well as help them to participate in activities and interact with others in the facility more effectively. In addition, service dogs can provide social and emotional support to their owners, helping them to feel less isolated and more connected to others.

20. It is important for service dogs to be allowed in treatment facilities because they are an integral part of the care and support plan for individuals with disabilities. Denying access to a service dog can significantly impact a person's ability to function and participate in treatment and rehabilitation.

21. Defendant initially told Plaintiff that it would work with Plaintiff's service dog. However, that turned out to be completely untrue.

22. Once checked into Defendant's Facility, Plaintiff began inquiring about bringing her service dog to the facility.

23. However, Defendant's employees gave Plaintiff the runaround. They refused to help Plaintiff make arrangements to bring her service dog to the Facility.

24. Because Plaintiff could not leave the Facility on her own, she needed to contact family members to bring her service dog to the Facility. However, Defendants refused to allow Plaintiff to

contact her family. Defendants left Plaintiff completely alone without any assistance from her service dog.

25. Defendant's staff were evasive when Plaintiff would inquire about bringing her service dog to the Facility. Defendant's staff would never commit to allowing Plaintiff's service dog at the facility, nor would they take any action to assist Plaintiff in making arrangements for her service dog to be brought to the facility

26. Unfortunately, during her stay at the Facility, Plaintiff endured six diabetic episodes.

27. If Defendants had allowed Plaintiff to bring her service dog, her service dog could have performed one of its trained-to-do-tasks and alerted Plaintiff to the onset of these episodes. Plaintiff could have avoided them or mitigated the symptoms earlier. But because of Defendant's discrimination, Plaintiff could not utilize the assistance of her service dog.

28. Without the assistance provided by her service dog, Plaintiff was unable to complete her treatment at the Facility because of the discrimination she faced, so she checked herself out of the Facility

29. Plaintiff has been injured as a result of SVTC's conduct. Plaintiff hopes that SVTC will cease its illegal discriminatory conduct in the future so that she can return with her service animal and complete her treatment without fear of discrimination and complete her treatment.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

30. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

31. Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

32. The Facility is a public accommodation.

33. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with

4
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

disabilities.

34. SVTC has a policy that restricts and denies full and equal access to patrons like Plaintiff.

35. SVTC's conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

36. As a result of SVTC's conduct, denying Plaintiff equal access to the Facility, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment.

37. It is readily achievable for SVTC to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Facility.

38. SVTC does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

39. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and Plaintiff has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, or attempt to patronize the Facility, in light of SVTC's conduct.

40. SVTC's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

41. Plaintiff seeks injunctive relief as to SVTC's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Denial of Full and Equal Access to Public Facilities in a Public Accommodation

Civ. Code §§ 54 *et seq*.

42. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated

herein.

43. The Facility is a public accommodation that SVTC owns, manages, and/or operates.

44. SVTC denied and interfered with Plaintiff's ability to access the Facility.

45. As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of SVTC, Plaintiff has suffered a violation of Plaintiff's civil rights and has suffered difficulty, discomfort and embarrassment, and physical, mental, and emotional personal injuries.

46. SVTC's actions and omissions constitute discrimination against Plaintiff on the basis that Plaintiff was and is disabled and unable, because of the policy barriers created and/or maintained by SVTC in violation of the subject laws, to use the facilities on a full and equal basis as other persons.

47. Plaintiff has been damaged by SVTC's wrongful conduct.

48. At all times herein mentioned, SVTC was fully aware that significant numbers of potential users of the public facilities were, are, and will be disabled persons, and would have need of facilities that complied with legal standards for accessible facilities.

49. Despite this knowledge, SVTC installed and maintained the policy barriers complained of, failed to remove these unlawful policies, and failed to provide and maintain properly accessible facilities, including but not limited to those previously noted hereinabove, as required by state and federal law.

50. Plaintiff believes SVTC has ignored complaints about the lack of proper disabled access by other disabled persons.

51. SVTC has continued the illegal and discriminatory practices despite actual knowledge that persons with disabilities may attempt to patronize the Facility and encounter illegal policy barriers which deny them full and equal access when they do so.

52. At all times herein mentioned, SVTC knew, or in the exercise of reasonable diligence should have known, that the practices at the Facility violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other disabled persons, but SVTC has failed to rectify the violations, and presently continue a course of conduct of maintaining policy barriers that discriminate against Plaintiff and similarly situated disabled persons. Plaintiff

alleges that an award of statutory treble damages is appropriate.

53. SVTC's conduct also violated the ADA.

54. Further, although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA, SVTC's behavior was intentional. Plaintiff believes SVTC was aware and/or was made aware of the duties to refrain from establishing discriminatory policies against disabled persons, prior to the filing of this complaint. SVTC's establishment of their discriminatory policy denying access to disabled persons to safely have full and equal access to the Facility, and their implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for Plaintiff's rights.

55. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs. Additionally, Plaintiff's lawsuit is intended to make the facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

56. Plaintiff suffered damages as described as a result of SVTC's violations. Damages are ongoing. Plaintiff remains hesitant and apprehensive about returning to the Facility. Plaintiff seeks the relief that is afforded by Civil Code sections 54, 54.1, 54.3, including treble damages.

## THIRD CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

57. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

58. SVTC intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Facility.

59. The Facility is a business establishment.

60. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

61. SVTC's acts and omissions as specified with regard to the discriminatory treatment of

Plaintiff, on the basis of Plaintiff's disabilities, and have denied to Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

62. Plaintiff was harmed.

63. SVTC's conduct was a substantial factor in causing Plaintiff's harm.

64. SVTC's conduct violated the ADA.

65. As a result of the violation of Plaintiffs civil rights, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

**PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling SVTC to cease discrimination against disabled persons and remove all accessibility policy barriers that relate to Plaintiff's disability;

2. Damages including actual damages and at least a statutory minimum of $4,000 for each offense;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, 54.3, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: December 20, 2022                    Law Office of Rick Morin, PC

                                            _____
                                            Richard Morin
                                            Attorney for Plaintiff